**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark Douglas LITTLE, Defendant–**
**Appellant.**

No. 05–50305.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2007.

Filed April 27, 2007.

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Jeannie M. Joseph, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant.

Before: RYMER, WARDLAW, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Mark D. Little appeals his jury conviction of 26 counts of health care fraud in violation of 18 U.S.C. § 1347. As the parties are familiar with the facts of this case, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided

## I.

Little argues that the district court committed reversible error in refusing to provide a specific jury instruction that covered his defense theory that his brain injury showed he did not possess the intent to defraud. Whether a district court's instructions adequately cover a defendant's theory of the case is reviewed de novo. *United States v. Fejes,* 232 F.3d 696, 702 (9th Cir.2000).

"[I]t is not reversible error to reject a defendant's proposed jury instruction on his theory of the case if other instructions adequately cover the defense theory." *United States v. Martinez–Martinez,* 369 F.3d 1076, 1083 (9th Cir.2004) (citations omitted). Here, the district court instructed the jury on the elements of health care fraud and specific intent, defined the terms "intent to defraud" and "to defraud," told the jury that the government had to prove these things beyond a reasonable doubt, and told the jury to consider all the admitted evidence in making its findings. The district court's instructions sufficiently covered Little's defense theory.

*Pirtle v. Morgan,* 313 F.3d 1160 (9th Cir.2002), a habeas case in which we held that defense counsel provided ineffective assistance by failing to request a particular diminished capacity instruction, is of no help to Little. In Pirtle, we were bound by Washington state law which entitles a defendant to a diminished capacity instruction. *Id.* at 1170. Because there is no such state law in play in this case, *Pirtle* says nothing about the sufficiency of a generalized instruction on criminal intent in a federal court. Moreover, the potential for jury confusion of the sort that arose in *Pirtle* has not resurfaced here. *Pirtle* therefore does not disturb our conclusion

by 9th Cir. R. 36–3.

that the district court's instructions in this case were sufficient.

## II.

■ Little also claims that the district court improperly limited expert testimony from Dr. Wu, a licensed psychiatrist. Dr. Wu was not permitted to testify that Little's billing practices were consistent with symptoms resulting from a frontal lobe injury. We review a district court's decision to exclude expert testimony for an abuse of discretion. *United States v. Morales,* 108 F.3d 1031, 1035 (9th Cir.1997).

The district court did not abuse its discretion in excluding Dr. Wu's proffered testimony. The district court found that Dr. Wu was qualified as an expert to testify about the general characteristics of a frontal lobe injury; however, the proper foundation was not laid to relate those characteristics to Little's billing practices. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

## III.

■ Lastly, Little challenges the district court's imposition of a two-level sentencing enhancement for using "sophisticated means" in committing medicare fraud. We review the district court's factual determination that Little's offense involved "sophisticated means" for clear error. *United States v. Aragbaye,* 234 F.3d 1101, 1107 (9th Cir.2000).

We conclude that Little's sentencing enhancement under U.S.S.G. § 2F1.1(b)(5)(C) (1998) for "sophisticated means" was not clearly erroneous. The application notes define "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2F1.1 cmt. n. 15 (1998).

Little concealed his fraudulent billing by (1) cleverly misusing Medicare's codes and billing system, and (2) submitting nearly all of his false claims for only a handful of his most infirm patients, those who would be least likely to notice the fraud and report it to Medicare. While the scheme was not "singularly or uniquely sophisticated," the district court could reasonably have concluded that it was significantly more complex than a routine Medicare fraud case and depended on Little's specialized knowledge of the Medicare system. *Cf. Aragbaye,* 234 F.3d at 1108 (considering a similar provision in U.S.S.G. § 2T1.4(b)(2) (1997)).

**AFFIRMED.**